UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-62425-CIV-DIMITROULEAS/HUNT

ENGJELL RROSHI,

       Plaintiff,

vs.

MARTIN O'MALLEY[1]
Commissioner of Social Security,

       Defendant
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Unopposed Motion for Attorney Fees Pursuant To 42 U.S.C. 406(b)(1) ("Motion)". ECF No. 21. The Honorable William P. Dimitrouleas referred this matter to the undersigned for appropriate disposition. ECF No. 22. Upon thorough review of the Motion, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends that Plaintiff's Motion be GRANTED as set forth below.

## BACKGROUND

Engjell Rroshi ("Plaintiff") initiated this action for judicial review of a final decision of the Commissioner of Social Security on November 25, 2020. ECF No. 1. On July 9, 2021, Defendant filed an unopposed motion for entry of judgment under sentence four of

---

[1] As Plaintiff notes, Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

42 U.S.C. § 405(g), requesting that the Court enter a judgment with remand to the Commissioner. ECF No. 17.  The Court granted the unopposed motion and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 20.  Plaintiff then filed the instant Motion for Attorneys' Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).  ECF No. 21.  Plaintiff requests attorneys' fees in the amount of $9,000.00, representing slightly more than half of a previously agreed-upon 25 percent contingency fee.   As stated, the Motion is unopposed, and Defendant did not file any response.

## DISCUSSION

"Under EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust." *Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV-MATTHEWMAN, 2020 WL 4208042, at *1 (S.D. Fla. July 22, 2020) (citing 28 U.S.C. § 2512(d); *Delaney v. Berryhill*, No. 17-81332-CIV-BRANNON, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)).  A social security plaintiff is deemed a prevailing party when obtaining a sentence four remand.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).   The fee petition must allege that Defendant's position was not substantially justified, and, if alleged, Defendant bears the burden to show that it was. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Plaintiff has satisfied all the requirements. First, Plaintiff is considered the prevailing party because the Court has remanded the case under sentence four. Second, in the Motion, Plaintiff alleges that the Government's position was not substantially justified. As Defendant has not shown otherwise, the undersigned finds that Plaintiff has met his burden of showing a lack of substantial justification for the purposes of prevailing on the Motion. Third, for the reasons explained in Plaintiff's memo, the undersigned finds the Motion timely filed. Fourth, Plaintiff has satisfied the net worth requirement because Plaintiff signed a declaration under the penalty of perjury that his net worth was less than two million dollars when the Complaint was filed. ECF No. 5. Finally, the undersigned does not find any special circumstances that make an award of fees unjust. Accordingly, the undersigned finds that Plaintiff is entitled to a fee award under the EAJA in the amount of $9,000.00.

**RECOMMENDATION**

Based on the foregoing, it is hereby RECOMMENDED that Plaintiff's Unopposed Motion for Attorney Fees Pursuant To 42 U.S.C. 406(b)(1), ECF No. 21, be GRANTED. Plaintiff should be awarded fees under the EAJA in the amount of $9,000.00.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 18th day of October 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record